NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KINDER MORGAN LIQUIDS, et al., | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | |
| v. | **OPINION** |
| BOROUGH OF CARTERET, et al., | Civil Action No. 05-CV-4334 (DMC) |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon an Order to Show Cause filed by Kinder Morgan Liquids Terminals, LLC, and Brite Clean, Incorporated, ("Plaintiffs") seeking a preliminary injunction prohibiting the Mayor and Borough Council of the Borough of Carteret ("Defendants") from enforcing Ordinance No. 05-36 of the Borough of Carteret entitled, "AN ORDINANCE AMENDING AND SUPPLEMENTING CHAPTER 128 ENTITLED FIRE PREVENTION OF THE CODE OF THE BOROUGH OF CARTERET" (the "Ordinance"). On December 7, 2005, this Court issued an Order consolidating this matter with B.P. Products North America Incorporated verses Kinder Morgan Liquids Terminals, Docket Number 05-CV-4449. B.P. Products is now a Plaintiff in this matter. The Court heard oral argument on this matter on November 17, 2005, and for the reasons set forth below Plaintiffs' request is **denied**.

**I. BACKGROUND**

On or about July 22, 2005, Defendants adopted the Ordinance. (Plaintiffs' Complaint

("Pl. Compl.") at 2). The Ordinance set forth requirements and prohibitions that must be followed by all persons engaged in handling, loading, unloading, storage, use, manufacturing or processing of hazardous materials, including the transportation of hazardous materials. (Id.) In addition, the Ordinance also requires all persons engaged in hazardous material operations to obtain a local permit and pay an annual permit fee. (Id. at 2-3). The Ordinance was designed with the purpose of identifying all areas of "potential risk to life, property, the environment and the surrounding community" that could be caused by "the use and storage of hazardous materials and chemicals" in Carteret.

Plaintiff Kinder Morgan Liquids is a liquid bulk terminal that handles chemical and petroleum commodities in transit. (Id. at 3). All hazardous materials arrive at Kinder Morgan Liquids via truck, barge or pipeline. (Id.) These materials are either moved to another transporting truck, barge or pipeline, or placed in temporary storage at Kinder Morgan Liquids until taken to their final destination. (Id.) The petroleum, chemicals, and other hazardous materials stored at Kinder Morgan's Carteret Terminal are owned by shippers and consignees, not by Kinder Morgan Liquids. (Id. at 7).

Plaintiff Brite Clean is involved in the process of washing the vehicles engaged in transporting hazardous materials, including vehicles temporarily storing these materials. (Id. at 3). The hazardous materials remain in the vehicles until the vehicle leaves Brite Clean. (Id. at 4). Brite Clean merely cleans the vehicles and does not own any of the hazardous materials that pass through its site. (Id. at 9).

Plaintiff B.P. Products have a facility in Carteret where gasoline, petroleum distillates, distillate blend stocks, fuel additives, recovered hydrocarbons and glycol are stored. (Plaintiff

B.P.'s Complaint ("B.P.'s Compl.") at ¶ 15).  These materials are stored at B.P. Products until they are able to be delivered throughout the Northeastern United States.  (Id. at ¶ 17).

Defendant Borough of Carteret adopted Ordinance No. 05-36 ("the Ordinance") on or about July 22, 2005.  (Plaintiffs' Brief in Support of their Application for a Preliminary Injunction ("Pl. Br.") at 4).  The Ordinance contains ten pages of requirements and procedures for the handling, loading, unloading, storage, use, manufacturing or processing of hazardous materials.  (Id. at 5).  The Ordinance also has a permit fee provision designed to provide funding for the Borough's enforcement efforts.  (Defendants' Reply Brief ("Def. Br.") at 1).

The transportation of hazardous materials is an issue regulated by both the Federal Government with the Hazardous Materials Transportation Act, 49 U.S.C. § 1801 et seq. ("HMTA"), and the Hazardous Materials Regulations, 49 C.F.R. §§ 171-179, and by the state of New Jersey with the New Jersey Spill Compensation and Control Act, N.J.S.A. 58:10-23.11 et seq ("Spill Act").  The activities conducted at all of the Plaintiffs' facilities are regulated by both the HMTA and the Spill Act.  (See, Plaintiffs Kinder Morgan and Brite Clean's Complaint and Plaintiff B.P.'s Complaint).  Plaintiffs allege both the HMTA and the Spill Act preempt the Ordinance.  (Id. at 5).  Plaintiffs further assert the Ordinance violates the Commerce Clause of the United States Constitution, Art. I, § 8, cl. 3, the Ordinance is unconstitutionally vague, and imposes an illegal tax.  (Id.) Accordingly, Plaintiffs request this Court to enter an injunction against Defendants prohibiting enforcement of the Ordinance.

## II. DISCUSSION

### A. Standard for a Preliminary Injunction

Injunctive relief is considered an "extraordinary remedy" which courts should only grant

in "limited circumstances."  Frank's GMC Truck Ctr., v. General Motors Corp., 847 F.2d 100, 102 (3d Cir. 1988).  In determining whether injunctive relief should be granted, a court must consider the following four factors: (1) the likelihood that an applicant will prevail on the merits at the final hearing; (2) the extent to which an applicant is being irreparably harmed by the conduct complained of; (3) the extent to which the opposing party or parties will suffer irreparable harm if the preliminary injunction is issued; and (4) the public interest.  S & R Corp. v. Jiffy Lube Int'l. Inc., 968 F.2d 371, 374 (3d Cir. 1992).  All four factors should favor relief before a court issues an injunction.  Id.

In order for a party to demonstrate irreparable harm, the moving party must show a potential harm exists "which cannot be redressed by a legal or an equitable remedy following a trial."  Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994).  Economic loss does not qualify as irreparable harm and an injury cannot be merely "possible, speculative or remote."  Id. at 653-55.  The moving party must do more than just show a mere risk of irreparable harm exists.  There must be "a clear showing of immediate irreparable injury," or a "presently existing actual threat."  Id. at 655.  A court may not issue an injunction to prevent a possible future threat.  Id.

### B. Factors

### 1. Success on the Merits

First, Plaintiffs must make a prima facie showing that a reasonable probability exists that they will succeed on the merits. Oburn v. Shapp, 521 F.2d 142, 148 (3d Cir. 1975); LCN Enterprises, Inc. v. City of Asbury Park, 197 F.Supp. 2d 141, 145 (D.N.J. 2002).  When making the determination of whether a moving party has met this burden, it is not the Court's role to

make the findings ultimately necessary to resolve the entire dispute.  See Bonser v. State of New Jersey, 605 F. Supp. 1227, 1232 (D.N.J. 1985).  Here, Plaintiffs are not required to prove they will succeed on the merits, but that there is a probability that they will succeed in showing the Ordinance is preempted by federal and/or state law.  Plaintiffs have carried this burden through their detailed charts depicting the potential conflicts between the Ordinance and the HMTA.  Therefore, this Court moves onto the irreparable harm part of the analysis.

## 2. Irreparable Harm

Next, Plaintiffs must show that they will suffer irreparable harm unless this Court issues a an injunction.  According to the Third Circuit, injuries related to time, money, and energy do not qualify as irreparable harm due to the fact that a strong possibility exists that adequate compensatory or other corrective relief will be available at a later date through the course of litigation.  Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989).  Also, Plaintiffs must satisfy the burden of making a "clear showing of immediate irreparable injury."  LCN Enter. Inc., 197 F.Supp. 2d at 153 (D.N.J. 2002).

Here, Plaintiffs have failed to meet this high standard.  Regardless of whether Plaintiffs "face imminent enforcement action" by Defendants in regard to the Ordinance, they have not shown that they will suffer any other harm besides monetary loss.  (Plaintiffs' Brief in Further Support of a Preliminary Injunction at 3).  Plaintiffs' "expenditure or inordinate manpower hours and monies in implementing the Ordinance's new requirements" also fail to qualify as irreparable harm under the Third Circuit's requirements. (Id. at 5).  Monetary and energy loss does not warrant the extraordinary remedy of an injunction.

Plaintiffs argue monetary loss does warrant an injunction in this particular instance because they will not be able to recover monetary damages from Defendants due to Defendants' status as a government entity and their failure to wave sovereign immunity.  (Id.)  Although the First Circuit has addressed an irreparable harm issue similar to the one presented here in Nat'l Tank Truck Carriers, Inc. v. Burke, 608 F.2d 819 (1st Cir. 1971), this Court is not bound by decisions issued by the First Circuit.  This Court is bound by Third Circuit decisions, which have never held that monetary damages warrant the issuance of a preliminary injunction.  Although Plaintiffs may be correct that New Jersey State and Federal law preempt the Ordinance, they have failed to show they will suffer irreparable harm if an injunction is not issued.  Due to Plaintiffs' failure to show irreparable harm, this Court does not need to address the next factor in the analysis required to issue an injunction.

### III. Conclusion

For the reasons discussed above, this Court denies Plaintiffs' application for a preliminary injunction is **denied**.

   S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:       March 30, 2006
Original:   Clerk's Office
Cc:         All Counsel of Record
            The Honorable Mark Falk, U.S.M.J.
            File